06-CV-00927-CMP

FILED ENTERED
LODGED RECEIVED
JUN 30 2006 DJ
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

ENGINEERED PROCESS CONTROLS, LLC, UNIVEX, INC., EDWARD MIFSUD, DAVID DiDOMIZIO and MARTIN SIFUENTES, individually and on behalf of the class of similarly situated persons,

Plaintiffs,

vs.

MICROSOFT CORPORATION,

Defendant

Case No. CV6 927R

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs Engineered Process Controls, LLC, Univex, Inc., Edward Mifsud, David DiDomizio and Martin Sifuentes, by and through their attorneys, bring this action on behalf of themselves and all others similarly situated, and allege against Defendant as follows:

## INTRODUCTION

1. Microsoft Corporation created serious security, privacy and consumer protection problems that damaged Plaintiffs and the members of the class by installing a "spyware" computer program as a "critical security update" in millions of computers



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

nationwide. At issue is Microsoft's new "Windows Genuine Advantage" (WGA) software. Microsoft Windows users in the United States and other countries who had Windows Automatic Updates set to "auto-install" received WGA without user action, as though it was a critical security update - *which it is not*. Users who run Windows Update manually are deceived about what WGA is, they are misleadingly advised that it is a critical security update and they are not told that the program "phones home" daily.

WGA is "spyware" that transmits data to Microsoft's central computer ("phones home") every time a PC is booted up and every 24 hours thereafter. Microsoft does not advise users of these phone home capabilities. WGA gathers data that can easily identify individual PCs and WGA can be modified remotely to collect additional information at Microsoft's initiation. WGA is in daily contact with Microsoft's servers and it can download other software and morph itself for whatever purpose Microsoft desires. Software hackers can exploit WGA to not only collect data but also modify users' computers. WGA cannot be easily uninstalled. If a user manually deletes WGA's executable file, Windows regenerates it. In addition, WGA is pre-release, Beta software, that causes numerous reliability problems including false positives of legitimate copies of Windows, no updates unless WGA is accepted and reinstalls of Windows from valid CDs fail the Genuine Advantage test. Microsoft's WGA spyware violates Federal and Washington law and public policy on privacy, security, consumer deception, notice and consent.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332.



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

3. Venue is proper in this District under 28 U.S.C. § 1391(b), because Defendant transacts business in this district, its main headquarters are in this district, and a substantial part of the events giving rise to the claims arose in this district.

## PARTIES

4. At all times mentioned herein, Plaintiff Engineered Process Controls, LLC, is a Washington Corp. with its principal place of business in King County, Washington. Plaintiff Univex, Inc., is a Washington Corporation, with its principal place of business in Kitsap County, Washington. Plaintiffs Edward Mifsud and David DiDomizio are residents of King County, Washington. Plaintiff Martin Sifuentes is a resident of Kingston, Washington.

5. Plaintiffs are an owners and users of computers running genuine licensed Microsoft Windows XP software. Microsoft installed Windows Genuine Advantage on their computers.

6. Plaintiffs are owners of web sites and pursuant to Revised Code of Washington § 19.270.060 have standing to seek injunctive relief and damages against Defendant.

7. At all times mentioned herein, Defendant Microsoft Corporation is and at all relevant times was, a Washington Corporation, with its principal place of business in Redmond, Washington.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. Microsoft is the world's largest software company. It distributes, licenses and sells the Windows XP computer operating system.



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

9. Microsoft launched WGA in 2004 and has gradually expanded the program. It now requires validation before Windows users can download additional software and noncritical updates.

10. On April 15, 2006 Microsoft began installing WGA, by way of "Windows Auto Update," on Windows XP computers as a "critical security update."

11. WGA is not a "critical security update."

12. To date WGA has installed itself on millions of Window XP computers.

13. The WGA program consists of two separate downloaded software programs, WGA Validation Tool and WGA Notification. WGA Validation contains the "phone home" component.

14. Microsoft does not obtain consent before installing WGA Validation, regardless whether Microsoft Update is set to auto-install or manual.

15. The second program, WGA Notification, is the only program that contains an EULA and it fails to advise that the previously installed WGA Validation Tool "phones home" information every 24 hours.

16. Since the WGA Validation Tool is already installed when the EULA appears with the second installation (WGA Notification), it is too late, because the WGA Validation Tool cannot be uninstalled.

## MICROSOFT'S WGA SOFTWARE IS UNDISCLOSED SPYWARE, COMPROMISES SECURITY AND PRIVACY AND MICROSOFT HAS MADE MATERIAL MISREPRESENTATIONS AND OMMISSIONS

17. The Anti-Spyware Coalition ("ASC") describes spyware as technologies deployed without appropriate user consent and/or implemented in ways that impair user control over: (1) material changes that affect a user's experience, privacy, or system security; (2) use of the user's



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

system resources, including what programs are installed on the user's computer; and/or (3) collection, use, and distribution of a user's personal or other sensitive information. Computer Associates defines spyware as, "Any product that employs a user's Internet connection in the background without their knowledge, and gathers/transmits info on the user or their behavior."

18. As discussed below, Microsoft's WGA software meets the ASC's definition of spyware.

19. Microsoft had previously assured the public that Automatic Updates would only be used to distribute security updates rated as "critical."

20. WGA is installed under false pretenses, without meaningful consent or notification and it deceitfully describes itself as a "critical security update".

21. Microsoft does not disclose that WGA phones home every 24 hours and every time the user reboots. WGA phones home even if the user does not have Windows "automatic update" enabled.

22. WGA files remain permanently installed even if the user attempts to delete them. No entry appears in the "Add/Remove Software Control Panel" for users to uninstall WGA.

23. WGA "phones home," to Microsoft's central computer Internet packets which contain the IP address of the infected PC, its local settings and the date and time, indicating when it booted up or had run for 24 hours.

24. WGA also gathers information such as the computer's manufacturer, operating system version, PC bios information and the user's local setting and language. This is enough data to easily identify individual PCs.



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

25. In addition, WGA can be modified remotely to collect additional information. It can be used to allow Microsoft to download additional software, new instructions and to morph itself.

26. Software hackers could utilize these programs to obtain user data and modify users' computers, or rogue Microsoft employees could do the same.

27. In an AP interview, Microsoft's David Lazar admitted that Microsoft should have given users more information about the daily interactions. "We're looking at ways to communicate that in a more forward manner," he said. In a press release Microsoft stated: "We concentrated our disclosure on the critical validation step that would occur when validating through WGA. Not specifically including information on the periodic check was an oversight."

28. In press releases and on its website, Microsoft continues to mislead about whether users are properly informed of WGA true capabilities and privacy issues prior to installation.

29. Users of licensed Windows software have been erroneously subjected to popup displays warning (once per hour after 14 days) that WGA considers Windows to be non-licensed. Thereafter, these users are denied certain important software updates.

30. Once WGA is on a user's computer, it creates an undisclosed risk of security breach to that computer because other malicious software, such as computer viruses, worms, and spyware that enter the computer, could exploit the software.

31. WGA is extremely difficult to remove from a computer. Users cannot delete the files since they regenerate. WGA cannot be removed by Add/Remove Programs in the Control Panel. The user's only option is to reformat their entire hard drive. Reformatting a hard drive requires backing up all data on the hard drive, as reformatting a hard drive deletes all data on the hard drive. The user is then required to re-install the operating



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

system and all applicable programs and drivers. This process can take many hours and is beyond the technical capabilities of many users. Microsoft's EULA and install process do not disclose the need to reformat the hard drive in order to remove WGA.

32. Microsoft fails to disclose to computer users who "auto-install" WGA that it is beta, pre-release software that, like all beta software, may be unstable and cause system crashes and the loss of data. Users unwittingly are being forced into becoming Microsoft's guinea pigs.

33. Microsoft's press releases, website and EULA falsely claim that WGA provides benefits to the user. However, the only benefits are to Microsoft.

34. The software installed by Microsoft includes a set of computer instructions that are designed to modify, damage, destroy, record, and/or transmit information within a computer, computer system, or computer network without the intent or permission of the owner of the information.

**CLASS ACTION ALLEGATIONS**

35. Pursuant to Federal Rules of Civil Procedure 23 (a) and (b), Plaintiffs bring this action on behalf of themselves and a Class of similarly situated persons defined as:

> All computer owners, users and entities in the United States who have Windows Genuine Advantage software distributed by Microsoft Corporation installed on their computers.

Excluded from the Class are Defendant, any entity in which any Defendant has a controlling interest, the officers, directors, and employees of Defendant, and the legal representatives, heirs, successors, and assigns of Defendant.



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

36. This action is brought as a class action and may properly be so maintained; pursuant to the provisions of the Federal Rules of Civil Procedure 23.

**Numerosity**

37. Members of the Class are so numerous that their individual joinder is impracticable. The precise numbers of members of the Class and their addresses are unknown to the Plaintiffs. Plaintiffs'estimate that the Class consists of millions of members. The precise number of persons in the Class and their identities and addresses may be ascertained from Defendant' records. Members of the Class may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

**Commonality**

38. Common questions of fact and law exist as to all members of the Class. These questions predominate over the questions affecting only individual members of the Class. These common legal and factual questions include:

a. Whether Microsoft engaged in deceptive business practices in connection with the installation of WGA software;

b. Whether some or all of the terms of the EULA are unconscionable;

c. Whether the WGA software installs on consumers' computers without authorization;

d. Whether the WGA software exceed the authorizations given by consumers;

e. Whether the WGA software are in violation of the Consumer Fraud Abuse Act, 18 U.S.C. § 1030;



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

f. Whether the communications and their frequency by the WGA software over the internet are disclosed and necessary;

g. Whether Microsoft is in violation of the Washington Consumer Protection Act, Rev. Code Wash. § 19.86 *et seq.*, and;

h. Whether Microsoft is in violation of the Washington Computer Spyware Act, Rev. Code Wash. § 19.270 *et seq.*

**Typicality**

39. Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs unwittingly installed the WGA software and Defendant did not notify Plaintiffs of the true nature and capabilities of the software.

**Adequacy**

40. Plaintiffs are an adequate representative of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intend to prosecute this action vigorously. The interests of the member of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

41. This suit may also be maintained as a class action because Plaintiffs and the Class seek declaratory and injunctive relief pursuant to Federal Rules of Civil Procedure 23(b)(2) as Defendant acted on grounds generally applicable to Plaintiffs and the Class, thereby making declaratory and/or injunctive relief proper.

42. This suit may also he maintained as a class action under Federal Rules of



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

Civil Procedure 23(b)(3) because a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by each individual Class member may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant conduct. Furthermore, it would be virtually impossible for the Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Moreover, even if Class members themselves could afford such individual litigation, the court system could not. Individual litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal issue of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

43. In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), because:

a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant; or

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or substantially impair or impede



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

their ability to protect their interests; or

c. Defendant have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030)**

44. Plaintiffs incorporate by reference the allegations in all proceeding paragraphs of this complaint.

45. As defined by 18 U.S.C. § 1030, the Computer Fraud and Abuse Act ("CFAA"), the computers used by Plaintiffs and Class members are "protected computers."

46. By engaging in the above-described acts and practices, Microsoft (i) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer; (ii) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; and/or (iii) intentionally accesses protected computers, and as a result of such conduct, causes damage, without authorization, in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(A).

47. By engaging in the above-described acts and practices, Microsoft "intentionally accesse[d] a computer without authorization or exceeds authorized access, and thereby obtain[ed] . . . information from any protected computer if the conduct involved an interstate or foreign communication" in violation



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C).

48. By engaging in the above-described acts and practices, Microsoft "knowingly and with intent to defraud, accesse[d] a protected computer without authorization, or exceed[ed] authorized access, and by means of such conduct further[ed] the intended fraud" and obtained information "of value," in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

49. By engaging in the above-described acts and practices, Microsoft caused and causes (i) loss to 1 or more persons during any 1-year period aggregating at least $5,000 in value; the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals; (iv) a threat to public health or safety; or (v) damage affecting a computer system used by or for a government entity in furtherance of the administration of justice, national defense, or national security; in violation of the Computer Fraud and Abuse Act, 18 U.S.C. 1030(a)(5)(B).

50. Plaintiffs and the Class suffered and will continue to suffer damages, and there continues to be a threat to public health or safety; or damage affecting a computer system used by or for a government entity in furtherance of the administration of justice, national defense, or national security, as a result of Microsoft's computer fraud and abuse. Plaintiffs, on behalf of themselves and on behalf of the Class seek compensatory damages, injunctive relief and other equitable relief as specified below in an amount to be determined at trial.



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

**SECOND CLAIM FOR RELIEF**
**(Violation of Consumer Protection Act)**

51. Plaintiffs incorporate the allegations set forth above by references, as if set forth fully herein.

52. Microsoft's actions are in violation of the Consumer Protection Act, RCW § 19.86, *et seq*. Microsoft's actions are unfair and deceptive, occurred in the conduct of trade or commerce, affects the public interests at large, has the potential for repetition and caused and continues to cause injury to the Plaintiffs and the Class.

53. Microsoft has engaged in deceptive practices, unlawful methods of competition and/or unfair acts to the detriment of Plaintiffs and the Class. Plaintiffs and members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.

54. Microsoft intentionally and unlawfully perpetrated harm upon Plaintiffs and the Class by the above described acts.

55. In violation of RCW § 19.86, *et seq*., Microsoft has represented that its WGA software have characteristics, uses or benefits which they do not have.

56. In violation of RCW § 19.86, *et seq*., Microsoft has represented that the use of its WGA software confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

57. Specifically, Microsoft installed the WGA programs in defective pre-release condition and deceptively failed to disclose their defects as described above; represented that the installation and/or use of its software confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

law; inserted several unconscionable provisions into the EULA that accompanies the WGA programs; took control and modified the settings of user's computers, collected personally identifiable information about users and their computers, tracked users Windows installation every 24 hours and every re-boot; blocked and disabled the WGA software from being uninstalled; violated the implied covenant of good faith and fair dealing; and failed to comply with the implied warranty of merchantability.

58. Microsoft's above-described deceptive and misleading acts and practices have and/or are likely to deceive Plaintiffs and other Class members.

59. In violation of RCW § 19.86, *et seq.*, Microsoft has inserted several unconscionable provisions into the end-user license agreement (EULA) that accompanies the software, i.e., limitation of warranties and limitation of damages at $5.00.

60. Microsoft concealed material information regarding the WGA software from Plaintiffs and other class members, including but not limited to the existence of the "phone home" program and its effects on users' privacy and the lack of a reasonable way to uninstall the software in the event of security or privacy violations.

61. Users, including Plaintiffs and class members, had a right to rely on Microsoft to provide them with material information and obtain their consent before Microsoft installed its WGA programs on their computers. Had Microsoft disclosed this material information, Plaintiffs and other class members would not have installed the WGA programs.

62. Plaintiffs and other class members relied on this material information to their detriment.



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

63. Microsoft's deceptive acts and omissions and unfair business practices occurred in the course of the sale or licensing of a consumer product and violate RCW § 19.86, *et seq*.

64. As a direct and proximate result of Microsoft's violations of RCW § 19.86, *et seq*., Plaintiffs and other class members have suffered harm.

65. Plaintiffs and the Class have suffered injury in fact and lost money or property as a result of such unfair competition. Such injuries and losses include, but are not limited to, computer damage, time and effort spent identifying and attempting to remove the damaging software.

66. Microsoft's policies and practices are unlawful, unethical, oppressive, fraudulent and malicious. The gravity of the harm to all consumers from Microsoft's policies and practices far outweighs any purported utility those policies and practices have.

67. Pursuant to RCW § 19.86, *et seq*., Plaintiffs seek an order enjoining Defendant from engaging in the methods, acts or practices alleged herein, including an order enjoining the defendant as follows:

(i) Widely publicize the potential security and other risks associated with the WGA Software, to allow the consumers on whose machines the software is installed to protect themselves from further damage. The publicity campaign should include, at a minimum, issuing a public statement describing the risks and providing information about how to uninstall the program. The publicity campaign should be advertised in a manner reasonably calculated to reach all consumers who have installed



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

the software, direct notification through the software installed on users' personal computers.

(ii) Cooperate fully with any interested manufacturer of anti-virus, anti-spyware, or similar computer security tools to facilitate the identification and complete removal of WGA software. In particular, Microsoft should publicly waive any claims it may have against for investigation or removal of these tools under the Digital Millennium Copyright Act (DMCA) and any similar laws.

(iii) Develop and make widely available a safe and secure software update that removes the technology without losing the ability to utilize any other components or software on their computers.

68. Pursuant to RCW § 19.86, *et seq.*, Plaintiffs seek an order compensating consumers for any damages in any way related to WGA software.

**THIRD CLAIM FOR RELIEF**
**(Violation of Computer Spyware Act, RCW § 19.270, *et seq.*)**

69. Plaintiffs incorporate the allegations set forth above by references, as if set forth fully herein.

70. Plaintiffs are owners of web sites and pursuant to Revised Code of Washington § 19.270.060 have standing to seek injunctive relief and damages against Defendant.

71. In violation of RCW § 19.270.020, Microsoft through intentionally deceptive means modified Plaintiffs' and the Class's computer settings and installed spyware that allows Microsoft to collect their personally



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

identifiable information. Microsoft through intentionally deceptive means has made it spyware software impossible to uninstall.

72. In violation of RCW § 19.270.030, with actual knowledge or with conscious avoidance of actual knowledge, Microsoft takes control of Plaintiffs and the Class's computers and modifies settings that could cause damage to their computers or lead to the stealing of the owner or operators personally identifiable information in order to commit fraud. Microsoft's WGA software prevents an owner or operator's reasonable efforts to block or decline its installation and disable its functions.

73. In violation of RCW § 19.270.040, Microsoft induces an owner or operator to install its WGA software onto the computer by intentionally misrepresenting the extent to which installing the software is necessary for security or privacy reasons.

74. Pursuant to RCW § 19.270, *et seq.*, Plaintiffs and the Class seek an order enjoining Defendant from engaging in the methods, acts or practices alleged herein, and seek an order to recover either actual damages or one hundred thousand dollars per violation, whichever is greater, plus costs and attorneys fees.

75. On information and belief, Defendant has engaged in a pattern and practice of violating RCW § 19.270 for which Plaintiffs and the Class seek damages up to three times allowed under RCW § 19.270.060.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

76. Plaintiffs incorporate the allegations set forth above by references, as if set forth fully herein.



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

77. Washington law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of Washington.

78. By engaging in above-described acts and practices, Microsoft has violated the implied covenant of good faith and fair dealing with Plaintiffs and the class members.

79. By engaging in the above-described acts and practices, Microsoft has caused Plaintiffs and the Class to suffer damages in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**(Intentional Misrepresentation)**

80. Plaintiffs incorporate the allegations set forth above by references, as if set forth fully herein.

81. Through its public statements, websites and EULA, and other acts and practices described herein, Microsoft has intentionally made untrue and misleading statements and omitted material facts.

82. The intentional misrepresentations, omissions and other misleading conduct described herein concerning the WGA software were "likely to deceive" the Plaintiffs and the Class. These misrepresentations and omissions continue to this date.

83. Microsoft knows or should know that these misrepresentations and omissions concerning the WGA software programs are false and misleading.

84. Plaintiffs and the Class were actually deceived by the misrepresentations and omissions.

85. Plaintiffs and the Class relied on these misrepresentations and omissions



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

to their detriment.

86. Plaintiffs and the Class have been harmed. Plaintiffs, on behalf of themselves and on behalf of the Class seek restitution, disgorgement, injunctive relief and all other relief allowable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. For compensatory and statutory damages in an amount to be proven at trial.

B. For restitution and disgorgement of profits realized as a result of the unlawful conduct of defendant.

C. For any treble and/or punitive damages to the extent permitted by law.

D. For declaratory relief, including but not limited to, i) declaring the distribution of WGA software to be illegal, and ii) declaring the EULAs to be unconscionable, misleading and void.

E. For pre-judgment and post-judgment interest.

F. For further equitable relief, including but not limited to, requiring Microsoft to:

(i) Widely publicize the potential security and other risks associated with the WGA Software, to allow the consumers on whose machines the software is installed to protect themselves from further damage. The publicity campaign should include, at a minimum, issuing a public statement describing the risks and providing information about how to uninstall the program. The publicity campaign should be advertised in a manner reasonably calculated to reach all consumers who have installed the software, direct notification through the software installed on users'



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4046 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118

personal computers.

(ii) Cooperate fully with any interested manufacturer of anti-virus, anti-spyware, or similar computer security tools to facilitate the identification and complete removal of WGA software. In particular, Microsoft should publicly waive any claims it may have against for investigation or removal of these tools under the Digital Millennium Copyright Act (DMCA) and *any similar* laws.

(iii) Develop and make widely available a safe and secure software update that removes the technology without losing the ability to utilize any other components or software on their computers.

F. For the award to Plaintiffs of their attorneys' fees and other costs of suit.

G. For such other and further relief as the Court deems just and equitable.

Dated this 30 th day of June, 2006

SHORT CRESSMAN & BURGESS PLLC

By ______________________

DAVID BRESKIN, WSBA # 10607
999 Third Ave Suite 3000
Seattle, WA 98104-4088
(206) 682-3333

HOUCK LAW FIRM, P.S
William W. Houck, WSBA #13224

Attorneys for Plaintiffs



HOUCK LAW FIRM, P.S.
WILLIAM W. HOUCK, WSBA # 13324
4045 262ND AVE SE
ISSAQUAH, WA 98029-5713
(425) 392-7118